NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000367
24-JAN-2013
08:35 AM**

CAAP-11-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
PETER DELA CRUZ, Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO. 1P511-00408)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (State) charged Defendant-Appellee Peter Dela Cruz (Dela Cruz) by complaint with (1) abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2012); (2) resisting an order to stop motor vehicle, in violation of HRS § 710-1027 (1993 & Supp. 2012); and driving without a license, in violation of HRS § 286-136(b) (2007).  On March 30, 2011, Dela Cruz appeared in the District Court of the First Circuit (District Court)[1] and waived his right to a jury trial.  The District Court *sua sponte* raised the question of whether it had jurisdiction over the abuse of a family or household member charge.  The District Court asked the Deputy Prosecuting Attorney (DPA) if he agreed that the case did not belong before the

---

[1] The Honorable Christopher J. McKenzie presided.

District Court. The DPA responded: "I agree that I'm not sure why this is here." Dela Cruz then orally moved to dismiss the case for lack of jurisdiction, and the District Court stated, "I'm going to dismiss the case."

Later that day, the District Court filed a "Notice of Entry of Judgment and/or Order" (March 30, 2011, Judgment), which dismissed the abuse of a family or household member charge with prejudice. On April 15, 2011, the State filed a motion for reconsideration of the dismissal with prejudice. Dela Cruz opposed the motion. At a hearing held on April 27, 2011, the District Court denied the State's motion to reconsider the dismissal of the charge with prejudice, but granted the State's request to correct the court minutes to reflect that Dela Cruz, and not the State, had orally moved for dismissal. Later that day, the District Court entered a "Notice of Entry of Judgment and/or Order" (April 27, 2011, Order), which reflected its ruling on the State's motion for reconsideration.

I.

The State appeals from: (1) the March 30, 2011, Judgment and (2) the April 27, 2011, Order. On appeal, the State argues that the District Court was wrong in concluding that it lacked jurisdiction over the abuse of a family or household member charge against Dela Cruz. The State therefore asserts that the District Court erred in granting Dela Cruz's oral motion to dismiss the charge for lack of jurisdiction and in denying the State's motion for reconsideration. As explained below, we vacate the District Court's March 30, 2011, Judgment and remand for further proceedings.

We resolve the State's arguments on appeal as follows:

1. The District Court erred in dismissing the abuse of a family or household member charge with prejudice for lack of jurisdiction. Pursuant to HRS § 604-8(b) (Supp. 2012), the District Court clearly had jurisdiction over the abuse of a family or household member charge against Dela Cruz, which

2

alleged an offense set forth in HRS § 709-906(1). HRS § 604-8 provides in relevant part:

> (b) The district court shall have concurrent jurisdiction with the family court of any violation of an order issued pursuant to chapter 586 or <u>any violation of section 709-906 when multiple offenses are charged and at least one other offense is a criminal offense within the jurisdiction of the district courts</u>.

(Emphasis added.) Here, the charge against Dela Cruz for abuse of a family or household member, in violation of HRS § 709-906(1), was combined with other criminal offenses within the jurisdiction of the District Court. Accordingly, the District Court had concurrent jurisdiction over the abuse of a family or household member charge under HRS § 604-8(b), and it erred in dismissing the charge for lack of jurisdiction.

Dela Cruz does not dispute that the District Court had jurisdiction over the abuse of a family or household member charge under HRS § 604-8(b). However, he argues that the State waived its challenge to the dismissal of the charge by failing to object to Dela Cruz's motion to dismiss.

Under the plain error standard of review, we may overlook a party's failure to object in the trial court and "correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings." State v. Fox, 70 Haw. 46, 56, 760 P.2d 670, 676 (1988) (internal quotation marks and citation omitted). Here, the District Court dismissed the charge despite clear statutory authority conferring it with jurisdiction over the charge. The District Court compounded the error by dismissing the charge with prejudice, thereby precluding the State from pursuing any prosecution on the charge. Under the circumstances of this case, we conclude that it is appropriate to reach the State's challenge to the District Court's dismissal of the charge with prejudice under the plain error standard. We vacate the March 30, 2011, Judgment and remand the case for further proceedings.

2.    Because the District Court's dismissal of the charge for lack of jurisdiction did not constitute an acquittal, there is no double jeopardy or statutory impediment to vacating the District Court's March 30, 2011, Judgment and remanding the case for further proceedings.  See State v. Ake, 88 Hawai'i 389, 392-94, 967 P.2d 221, 224-26 (1998); State v. Clemente, No. CAAP-11-0000027, (Hawai'i App. Nov. 30, 2012).

3.    Given our decision to vacate the March 30, 2011, Judgment, we need not address whether the District Court erred in denying the State's motion for reconsideration.[2/]

II.

We vacate the March 30, 2011, Judgment and remand the case for further proceedings.

DATED:  Honolulu, Hawai'i, January 24, 2013.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
for Plaintiff-Appellant

James S. Tabe
Deputy Public Defender
for Defendant-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

---

[2/] In State v. Clemente, No. CAAP-11-0000027, (Hawai'i App. Nov. 30, 2012), this court held that except where barred by the protection against double jeopardy, a district court has the power and jurisdiction to reconsider the dismissal of a charge with prejudice pursuant to HRS § 604-7(a)(3) (1993). We decline to decide in this case whether a district court has inherent power beyond the power conferred by HRS § 604-7(a)(3) to reconsider a dismissal of a charge with prejudice.